**George C. RAWLINGS, Jr., Appellant,**

**v.**

**L. Stanley HARDAWAY, Executive Secretary and Member, State Board of Elections, James W. Fletcher, Harry H. Vaughan, Members, State Board of Elections, Commonwealth of Virginia, Appellees.**

**Misc. No. 662.**

United States Court of Appeals, Fourth Circuit.

June 25, 1970.

Henry E. Howell, Jr., Norfolk, Va., (Howell, Anninos & Daugherty, Norfolk, Va., on motion), for appellant.

Andrew P. Miller, Atty. Gen. of Virginia, and Anthony F. Troy, Asst. Atty. Gen., for appellees.

Before HAYNSWORTH, Chief Judge and BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

The petitioner, George C. Rawlings, Jr., is a candidate for the Democratic nomination for the United States Senate in the primary election to be held July 14, 1970. He applied to the district court for a mandatory injunction requiring voting registrars in six Virginia cities to reopen their registration books

and keep them open until July 8, 1970. From an order denying an interlocutory injunction, he has appealed under 28 U.S.C. § 1292(a) (1), and he now seeks an order granting an injunction pending appeal.

In Virginia, registration books remain open until 30 days before the primary election. Va.Code Ann. § 24–76 (1969 Repl.Vol.). During the 30-day period immediately preceding the primary, they are closed. Va.Code Ann. § 24–74 (1969 Repl.Vol.). Elections for city councils are held in Virginia on the second Tuesday in June, which this year fell on June 9. In all counties and in many cities registrars properly received applications from persons seeking to vote in the primary. But in six cities which had councilmanic elections, the registrars refused to register voters for the primary after May 9, 1970 though this was contrary to an opinion issued by the Attorney General of Virginia in 1966. The registrars reopened the books on June 10 after the councilmanic elections. About the same time, the State Board of Elections learned of the mistake and ordered that voters should be registered, but its directive was not issued until June 8, 1970. The registrars then kept the books open until June 14, when, as the state statute directed, they closed them for the 30-day period preceding the primary.

Virginia has a system of permanent registration, so closing the books did not affect all persons who planned to vote in the primary. Nevertheless, an unknown number of persons were improperly denied registration during the period May 9 to June 10. There is no evidence, however, that they could not register when the books were reopened after the councilmanic elections. Thus, although some applicants may have been inconvenienced, there is no showing that any were denied an opportunity to register for the primary election. Furthermore, as the state conceded in its answer, any citizen denied the right to register during the period May 9 to June 10 should now be permitted to register. A proce-

dure for accomplishing this appears to be made available by Va.Code Ann. § 24–112 (1969 Repl.Vol.). The petitioner, therefore, failed to prove that he or any voter has suffered irreparable damage. We find no abuse of discretion in the district judge's refusal to grant an injunction.

The evidence does not disclose that the registrars purposefully or illegally intended to deprive anyone of an opportunity to vote. On the scant record before us, it appears some of the registrars, ignorant of the Attorney General's opinion, misconstrued the registration statutes and erroneously thought the books should be closed for all purposes for 30 days immediately preceding the councilmanic elections. However, the state itself provides a remedy for anyone improperly denied registration. We find in this incident, therefore, no purposeful, invidious discrimination that rises to the level of a denial of the equal protection of the laws guaranteed by the Fourteenth Amendment.

The motion for an injunction pending appeal is denied.